| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Law Office of William G. Cort (SBN: 50326)<br>9040 Telegraph Rd., Suite 206<br>Downey, CA 90240<br>Tel: (562)923-6761<br>Fax: (562)923-7637<br>Email: williamgcortdocuments@gmail.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for: Estela Toledo*<br>☐ *Chapter 13 trustee* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**SEP 26 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** egarcia    **DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – *LOS ANGELES* DIVISION**

| In re:<br><br>ESTELA TOLEDO<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-10339-NB<br><br>CHAPTER: 13<br><br>**ORDER ON:**<br>☐ **DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO LOAN MODIFICATION**<br>☒ **OTHER: <u>ORDER DENYING</u> MOTION TO VACATE ORDER GRANTING MOTION TO AVOID LIEN AND ORDER GRANTING CONFIRMATION OF CHAPTER 13 PLAN**<br><br>☐ No hearing held<br>☒ Hearing held<br>DATE: September 19, 2019<br>TIME: 8:30 am<br>COURTROOM: 1545<br>PLACE: 255 E. Temple St., Los Angeles, CA 90012 |
|---|---|

A hearing on creditor "Deutsche Bank National Trust Company's" Motion to Vacate Order Granting Motion to Avoid Lien and Order Granting Confirmation of Chapter 13 Plan (filed on August 5, 2019 as Docket number 38) was held on

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                         Page 1                                         **F 3015-1.14.ORDER.CH13.GENRL**

September 19, 2019 at 8:30 a.m. The Court considered oral arguments, Movant's motion (Docket # 38), Debtor's opposition (Docket #45), Movant's reply (Docker #46), Debtor's Motion to Avoid Jr. Lien (Docket #19) and for the reasons set forth in the attached tentative ruling, it is ordered that the Movant's motion is;

☐   Granted        ☒   Denied as provided in the attached tentative ruling, which becomes the final ruling of the Court.

☐   Granted on the terms set forth in the chapter 13 trustee's comments on or objection to Debtor's motion

☐   Granted on the following conditions:

☐   Set for hearing on (*date*) _____ at (*time*) _____.

###

Date: September 26, 2019

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 2                    F 3015-1.14.ORDER.CH13.GENRL

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Thursday, September 19, 2019**                                    Hearing Room    1545

---

8:30 AM
**2:18-10339    Estela Toledo**                                                     **Chapter 13**

#5.00    Hrg re: Motion to vacate order Granting Motion
         to Avoid Lien and Order Granting Confirmation of
         Chapter 13 Plan

                                Docket    38

**Tentative Ruling:**

Deny for the reasons stated in Debtor's opposition (dkt. 45) and the additional reasons set forth below. <u>Appearances are not required</u>.

*Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling, subject to any changes ordered at the hearing. See LBR 9021-1(b)(1)(B).

*Key documents reviewed (in addition to motion papers):* Debtor's Motion to Avoid Junior Lien (dkt. 19); Movant's Opposition (dkt.45); Debtor's reply (dkt.46).

*Analysis:*

Creditor Deutsche Bank Nat. Trust Co., as trustee ("Deutsche") seeks to vacate this Court's order (the "506 Order," dkt.25) granting Debtor's motion (the "506 Motion," dkt.19) to avoid Deutsche's junior lien. Deutsche argues (dkt.38, pp.2:19-3:6 & 4:10-14, and dkt.46 *passim*) that the loan was being serviced by Franklin Credit ("Frankin"), and that the 506 Motion was not served on Deutsche or Franklin so, allegedly, the 506 Order is void for lack of due process, or alternatively there is cause for relief under Rule 60(b) (Fed. R. Civ. P., incorporated by Rule 9024, Fed. R. Bankr. P.).

Deutsche asserts that Debtor was sent several notices of the transfer of the loan servicing to Franklin. But those notices were sent over six years before the 506 Motion was served: the notices are dated 2/28/12, 3/5/12 and 3/22/12, and the 506 Motion was served on 4/16/18. See dkt. 38, Ex.5-7, at PDF pp.51-58, and dkt.19 at PDF pp.11-13.

Deutsche does not dispute the evidence in the 506 Motion that Debtor has not made any payments on this junior lien debt since 2008 - so Deutsche

---

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, September 19, 2019**                                                                 **Hearing Room    1545**

8:30 AM
**CONT...**    **Estela Toledo**                                                                                            **Chapter 13**

and its servicer were well aware that the debt was not being paid and that they and Debtor had not been in communication for over six years. Deutsche also does not dispute that Debtor took the following steps to try to identify the current holder or servicer of the junior lien debt at the time the 506 Motion was served.

First, Debtor obtained a title search and identified the latest holder of record of the lien, according to the real estate records ("Aegis"). Debtor then served Aegis both at the address listed in the real estate records and in care of their agent for service of process according to the secretary of state's website. See dkt. 19 at PDF pp.11-12, dkt.45 at PDF pp.8:27-9:2.

Second, Debtor spent approximately two and a half hours, with the assistance of her bankruptcy counsel, attempting to contact and eventually communicating with the lender's nominee listed in the deed of trust, Mortgage Electronic Registration System, Inc. ("MERS"). Dkt. 19 at PDF pp.9:3-14, & Ex.2 at PDF p.23. MERS informed Debtor that Aegis was no longer in business and the loan had been sold to GMAC Mortgage, LLC ("GMAC"), which also was no longer in business, and that the loan "is inactive and no longer being tracked by MERS." Dkt.19, Ex.5, at PDF p.2.

Third, MERS also informed Debtor that "Ocwen Loan Servicing LLC [Ocwen] did purchase a remaining portfolio and their contact information has been provided for your convenience." Dkt.19, Ex.5, at PDF p.2. Debtor then, through her attorney's office, sent a fax to Ocwen's research department and "requested [their] cooperation in helping me locate the status of my Second DOT with their company." Dkt. 19 at PDF p.9:12-15. Debtor served the 506 Motion on Ocwen at both the address for its agent for service of process (according to the Secretary of State's website) and in care of its President/CEO at the address listed on Ocwen's website. Dkt.19 at PDF pp.11 & 13.

In short, Debtor appears to have engaged in more than enough steps to try to identitfy and serve the party who held the second deed of trust on the subject property. Thus Debtor provided notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Reply (dkt.46), pp.5:26-6:2 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

In addition, Debtor has acted in reliance on avoidance of the second deed of trust for over a year. Dkt. 45 at PDF p.3:1-2. Under the authorities

**United States Bankruptcy Court
Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, September 19, 2019**                                                                 **Hearing Room    1545**

8:30 AM
**CONT...    Estela Toledo                                                                              Chapter 13**

cited by Movant, that weighs against granting relief.

In contrast, Movant has not explained (a) why it did not update MERS upon the transfer of ownership to Movant of the second DOT in 2012 (dkt. 38 at p.2:26-27), and (b) why it took over a year after not receiving monthly payments for Movant to determine that Debtor is in bankruptcy and to seek relief from the order avoiding its junior lien.

For all of the foregoing reasons, the tentative ruling is to deny the motion.

If appearances are not required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings." If appearances are required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing

| Party Information |
|---|

**Debtor(s):**

| Estela Toledo | Represented By<br>William G Cort |
|---|---|

**Movant(s):**

| Deutsche Bank National Trust | Represented By<br>Lemuel Bryant Jaquez |
|---|---|

**Trustee(s):**

| Kathy A Dockery (TR) | Pro Se |
|---|---|